IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK KNOWLES PINKETT, JR.,   *
    Plaintiff
                                          *
    v.                                          CIVIL ACTION NO. ELH-15-734
                                          *
JOSEPH F. SCHANNO,   *
    Defendant
                                          ******

## **MEMORANDUM**

Plaintiff Patrick Knowles Pinkett, Jr., who is self-represented, has filed a civil rights case against former Assistant Public Defender Joseph F. Schanno, defendant, pursuant to 42 U.S.C. § 1983.[1] ECF 1. Plaintiff appears to be indigent and his motion for leave to proceed in forma pauperis shall be granted. *See* ECF 2. Upon review of the complaint, however, it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff alleges that Schanno provided ineffective assistance of counsel during plaintiff's violation of probation hearing, held on April 4, 2013, in the Circuit Court for Wicomico County, Maryland. ECF 1. He seeks monetary damages. *Id*. at 4. In fact, plaintiff provides evidence that he was successful in having his violation vacated and a new hearing scheduled, based on a finding by the post-conviction court that Shanno provided ineffective assistance. ECF 1-1.

To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the

---

[1] Plaintiff moved to amend his Complaint (ECF 3) to note that he has sued Schanno in his individual and personal capacities. Plaintiff's Motion to Amend Complaint shall be granted, pursuant to Fed. R. Civ. P. 15(a)(1).

United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Public defenders do not act under color of state law when representing criminal defendants. *See Polk County v. Dodson*, 454 U.S. 312, 453 – 54 (1981). Likewise, privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). As such, plaintiff's complaint must be dismissed.

      A separate Order shall be entered reflecting the ruling set forth herein.


<u>March 30, 2015</u>　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　United States District Judge